NOT FOR PUBLICATION (Document No. 5)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
ALEXIS ROSE,                        :
                                    :
              Plaintiff,            :   Civil No. 09-6005 (RBK/JS)
                                    :
        v.                          :   **OPINION**
                                    :
USAA CASUALTY INSURANCE             :
COMPANY, AUTO INJURY                :
SOLUTIONS, JOHN DOE 1-10,           :
JANE DOE 1-10, RICHARD ROE 1-10,    :
NICKY NO 1-10, ABC ENTITY           :
(a fictitious entity), XYZ CORPORATION :
(a fictitious entity),              :
                                    :
              Defendants.           :
_____ :

**KUGLER**, United States District Judge:

This case, having been removed from the Superior Court of New Jersey by Defendants USAA Casualty Insurance Company, et al. ("Defendants"), comes before the Court on the motion of Plaintiff Alexis Rose ("Plaintiff") to remand under 28 U.S.C. § 1447(c). The principal issue before the Court is whether the substituted Defendant filed the Notice of Removal in a timely fashion under 28 U.S.C. § 1446(b). Because the Court finds that Defendants have failed to satisfy their burden of proof, the Court grants the Motion and remands to the Superior Court. The Court further denies Plaintiff's application for attorney fees.

1

I.  BACKGROUND

Plaintiff Alexis Rose is a citizen of New Jersey.  Defendants are (1) USAA Casualty Insurance Company ("USAA CIC"), a Texas corporation with its principal place of business in San Antonio, Texas and (2) Auto Injury Solutions, a foreign corporation with its principal place of business located in the state of New York.[1]  United Services Automobile Association ("USAA"), the originally named defendant in the complaint, is a reciprocal insurance exchange which has members in the State of New Jersey.

Plaintiff's Complaint avers that Defendants' actions constituted a breach of contract by wrongfully denying payment for medical treatment, by refusing to pre-certify treatment, and by other acts that deprived Plaintiff of the benefits due under her insurance policy.  Plaintiff claims that the injuries suffered after an automobile accident have not healed, have not been treated, and are significant and permanent in nature so as to require additional medical treatment.  She alleges that the Defendants' actions are inconsistent with their obligation to provide Personal Injury Protection (PIP) coverage under her insurance policy with USAA CIC.  Plaintiff alleges violations of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 58:8-2, of the New Jersey Unfair Trade Practices Act, N.J. Stat. Ann. § 17:29B-3, of the New Jersey PIP statute, N.J. Stat. Ann. § 39:6A-4, and of common law obligations in all contracts.

Plaintiff filed this action in the Superior Court of New Jersey, Law Division, Camden County on August 21, 2009.  On September 17, 2009, Plaintiff served Defendant Auto Injury

---

[1] Defendants state in the Notice of Removal that USAA Casualty Insurance Company is a Texas Corporation whereas Defendants' Brief in Opposition to Plaintiff's Motion to Remand states that USAA Casualty Insurance Company is a Florida Corporation.

Solutions with a copy of the complaint. United Services Automobile Association ("USAA"), the originally named defendant, received service of the complaint on September 19, 2009. At all times relevant to this matter, the same counsel has represented both USAA and USAA CIC. On October 20, 2009, counsel for original defendant USAA contacted Plaintiff to propose a stipulation substituting USAA CIC as a defendant in place of USAA, which would then create diversity among the parties. On October 22, 2009, Plaintiff's counsel executed the stipulation of substitution and mailed it back to defense counsel. In the stipulation, Plaintiff also agreed to defense counsel's request for an additional thirty days to file an answer. On November 5, 2009, Defendants filed the stipulation of substitution with the Superior Court. Defendants then filed an answer to the complaint on November 19, 2009.

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants filed the Notice of Removal in this Court on November 25, 2009, claiming diversity jurisdiction. The Notice of Removal claims that the amount in controversy is in excess of $75,000 and states that Defendant Auto Injury Solutions has consented to removal. On December 21, 2009, Plaintiff filed the Motion to Remand, arguing that removal of this matter was untimely, and that the case should be remanded to New Jersey Superior Court.

## II.     STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1995). Where the

decision to remand is a close one, district courts are encouraged to err on the side of remand. See Abels, 770 F.2d at 29 ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."); Glenmede Trust Co. v. Dow Chemical Co., 384 F. Supp. 423, 433-34 (E.D. Pa. 1974) ("It is well settled that district courts should remand close or doubtful cases for two reasons. First, remand will avoid the possibility of a later determination that the district court lacked jurisdiction and, secondly, remand is normally to a state court which clearly has jurisdiction to decide the case.").

A case based on state law, as the current matter is, may be removed to federal court if (1) the federal district court has original diversity jurisdiction (because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the plaintiffs and defendants) and (2) none of the parties properly joined and served at the time of the removal are residents of the forum state. 28 U.S.C. §§ 1332 and 1441(b).

### III.   DISCUSSION

Plaintiff moves to remand on one ground: that the Notice of Removal was not timely filed pursuant to § 1446. Plaintiff argues that the thirty-day time period to file the Notice of Removal began to run on September 19, 2009 upon service of the Complaint on USAA. Alternatively, Plaintiff argues that the very latest the thirty-day period could have been triggered was October 20, 2009 when defense counsel faxed the proposed stipulation because USAA CIC had notice of the action. Pl. br. at 2. Plaintiff asserts that the Notice of Removal, filed on November 25, 2009, was not timely because at least thirty-six days had passed since USAA CIC had knowledge of this action. Id. Plaintiff also argues that because of the untimely filing of the Notice of Removal, she

is entitled to counsel fees under § 1447(c).

Defendants counter that under § 1446(b), the period to file for removal began to run when the initially non-removable action became removable as a result of Plaintiff's substitution of a diverse party in place of a non-diverse party. Def. br. 1. Defendants argue that the Notice of Removal was timely filed because the thirty-day period for removal under § 1446 was not triggered until the substitution was filed with the Superior Court on November 5, 2009. Defendants further argue that Plaintiff's application for counsel fees should be denied because USAA CIC established an objectively reasonable basis for removal. The Court does not agree that Defendants have satisfied their burden of proof to establish that the Notice of Removal was timely filed. However, the Court does agree with Defendants that Plaintiff is not entitled to counsel fees.

### A.   Timeliness of Notice of Removal Under 28 U.S.C. § 1446

Both Plaintiff and Defendants correctly identify § 1446 as the statute that governs removal. However, Defendants are correct that Plaintiff has omitted the portion of the statute that applies to and governs the procedure for removal under the circumstances of this case. Specifically, the second paragraph of § 1446(b) states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Because Plaintiff raised no federal question in the complaint and the originally named defendant USAA was a non-diverse party, the action was not initially removable. Therefore, the second paragraph of § 1446(b) governs and the thirty-day time period to remove was triggered after *receipt*

of an "other paper" from which it was first ascertainable that the case was one that had become removable.

The first question before the Court is whether the signed stipulation of substitution constitutes an "other paper" under § 1446(b). Several courts have found that written correspondence between parties can be considered "other paper" within the meaning of the second paragraph of § 1446(b). See Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 761-62 (5th Cir. 2000) (holding that a post-complaint letter from life insurance beneficiary's attorney to insurer, offering to settle action for benefits for amount in excess of federal jurisdictional minimum, was "other paper" which commenced running of period for filing notice of removal under statute); Efford v. Milam, 368 F. Supp. 2d 380, 384-85 (E.D. Pa. 2005) (holding that letter from plaintiffs' attorney to defendants' attorney was "other paper"); Tebon v. Travelers Ins. Co., 392 F. Supp. 2d 894, 897-98 (S.D. Tex. 2005); (holding that insured's stipulation of the amount in controversy was an "other paper" commencing thirty day period to file removal because it provided unequivocally clear and certain information supporting removal); Broderick v. Dellasandro, 859 F. Supp. 176, 178 (E.D. Pa. 1994) (holding that attorney's letter advising of client's changed residence to diverse jurisdiction, made in response to written request for verification of client's residence, was "other paper" under removal statute that triggered running of thirty-day period for removing); Rahwar v. Nootz, 863 F. Supp. 191, 192 (D.N.J. 1994) (holding that correspondence between the parties, containing statement of damages suffered by plaintiff, was "other paper" which could be considered in determining amount in controversy for purposes of removal).

These cases also suggest that in order for an "other paper" to trigger the thirty-day removal window, the Plaintiff must have acted voluntarily. "Other papers" can only trigger the thirty day

removal period under the second paragraph when they are the result of "'a voluntary act of the plaintiff which effects a change rendering a case subject to removal by defendant which had not been removable before the change.'" Efford, 368 F. Supp. 2d at 385 (quoting DeBry v. Transamerica Corp., 601 F.2d 480, 487 (10th Cir. 1979)). In this case, the requirement of a voluntary act by Plaintiff was satisfied when her counsel signed and mailed the stipulation substituting USAA CIC as a defendant.

Therefore, the signed stipulation of substitution was enough to constitute an "other paper" within the meaning of § 1446(b) because it made clear that the action was one that had become removable. Plaintiff voluntarily agreed to the substitution of USAA CIC as a defendant. Upon receipt of the signed substitution, USAA CIC, a diverse party, knew that they were substituted into this action. With this knowledge, Defendants could have ascertained that the initially non-removable action had become removable because of the creation of diversity among the parties.

Yet, in arguing that they timely filed the Notice of Removal, Defendants have not provided any evidence of when the *receipt* of this "other paper" occurred in order to show when the thirty-day period was actually triggered. Defendants argue that the thirty-day removal period did not begin to run until the filing of the substitution with the Superior Court on November 5, 2009. However, § 1446(b) states that the thirty-day period to file for removal begins upon *receipt* by the defendant of an "other paper." See Efford, 368 F. Supp. 2d 380 (holding that the *receipt* of letter from plaintiff describing basis of the lawsuit was sufficient to trigger thirty-day period for defendants to remove case to federal court, even though letter was not filed with court) (emphasis added); Tebon, 392 F. Supp. 2d 894 (the thirty-day removal period was triggered when the defendant *received* plaintiff's letter stipulating that the amount in controversy exceeded $75,000 for

7

diversity jurisdiction) (emphasis added); Hessler v. Armstrong Worldwide Indus., Inc., 684 F. Supp. 393, 394-95 (D. Del. 1988) (holding that letter notifying the parties that the non-diverse party to the suit had settled was an "other paper" that provided defendants adequate notice that the case had become removable, not the subsequent notification of the court).

Thus, even though Defendants filed the Notice of Removal on November 5, 2009, this does not mark the beginning of the thirty-day removal period. The issue here is determining when Defendants actually were in *receipt* of the signed stipulation of substitution. For example, if the Defendants received the signed substitution on or after October 26, 2009, the filing of the Notice of Removal on November 25, 2009 would have been timely because it would have been within thirty days of receipt of an "other paper" from which it was first ascertainable that the case had become removable. However, if Defendants received the signed substitution any time before October 26, 2009, then the filing of the Notice of Removal on November 25, 2009 would have been untimely and improper. It is well settled law that the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. Abels, 770 F.2d at 29. Because Defendants have not provided sufficient evidence of when they received the stipulation, the Court cannot determine when the thirty day removal period began to run. The Court finds that Defendants have failed to meet their burden of establishing that removal was proper. Keeping in mind that district courts should err on the side of remand, the Court must remand this case to the Superior Court of New Jersey.

      B.    **Denial of Counsel Fees**

In the Motion to Remand, Plaintiff also requests counsel fees and costs pursuant to 28 U.S.C. § 1447. In addressing the question of whether counsel fees should be awarded in this

matter, both Plaintiff and Defendants cite to Martin v. Franklin Corp., 546 U.S. 132 (2005).  In Martin, the Supreme Court noted, "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Id. at 140-41.  The Court agrees with USAA CIC that they were objectively reasonable in seeking removal.  Once Plaintiff agreed to the stipulation substituting USAA CIC as a defendant, the parties became diverse.  At a minimum, USAA CIC had a good faith belief that removal was proper.  No evidence exists to conclude that USAA CIC attempted the removal to delay or to unreasonably impose additional litigation costs upon Plaintiff.  Accordingly, Plaintiff's application for counsel fees is denied.

IV.   **CONCLUSION**

For the foregoing reasons, the motion is **GRANTED**, and this case will be remanded to the Superior Court of New Jersey, Law Division, Camden County.  Plaintiff's application for attorney fees is **DENIED**.  An accompanying Order shall issue today.


Date:   6/23/10                                                                  /s/ Robert B. Kugler

                                                                           ROBERT B. KUGLER
                                                                           United States District Judge